## DAVIDSON v OHIO WESLEYAN UNIV. et

Ohio Appeals, 2nd Dist, Franklin Co
No. 1966. Decided May 11, 1931

F. S. Monnett and M. L. Bigger, Columbus, for Davidson.

Fred S. Rosemond, Columbus, for Ohio Wesleyan University et.

ALLREAD, J.

The evidence is to the effect that the entire sum given to her by Ripley or his executor is represented by these two sums of money. The one was by gift in the life time of Ripley and not by the will. The other by Item Second of the codicil which was not subject to the conditions of Item Third of the original will but independent of such provisions.

The next question relates to the right to the so-called scholarship, tuition free. There are two questions: First, whether the plaintiff by his course of conduct has a right to demand the scholarship, and second whether

the plaintiff has a clear right and a definite devise under the will.

The plaintiff paid his tuition for the first semester without making any claim of free scholarship, and the second semester was paid likewise. The controversy arose during the second semester, and after the conclusion of the term, Davidson, the plaintiff, did not return to the Ohio Wesleyan University as a pupil. Independent, however, of this claim, we reach the conclusion that the will should be construed.

The testimony tends to show that at some time after the probation of the will there was a request from one of the family of the testator for free scholarship, or tuition free, as it is called under the will. This was not recognized and nothing further came of it.

Mrs. Davidson testifies that Mrs. Ripley had four brothers, one of whom was her ancestor. As to the number of other children of her relatives who were available for this scholarship, the evidence does not show.

The nature of the provision tending to create the scholarship does not indicate that it is self-executing and there is nothing which would settle the question of scholarship between the relatives of the testator and the relatives of his wife. Nor is there anything that would settle the question as between different relatives of the respective families. We do not see how this bequest could be held so definite as to confer a right upon any relative to the scholarship.

In the recent case of **Kurtz v Kurtz, 123 (Oh St 425)** decided by the Supreme Court March 25, 1931, a portion of the estate of Mr. Kurtz was devised to the relatives of his wife without other designation. This court held that the will was too indefinite for enforcement.

We think that the case of **Dirlam, Executor v Morrow, 102 Oh St 279,** is a case in point. It was there held that some of the clauses of the testatrix were too indefinite. In the 18th clause there was a provision in favor of certain of the children, grand children and great grand children, to the number of three who should have certain accommodations in her property and should receive certain funds. It was held by the Supreme Court that as to these children, the bequest in the will of Mrs. Sturges was uncertain and incapable of enforcement.

Whatever might be the rule as to this clause, it clearly provided for a free scholarship within certain limits, yet it in effect provides for a right of one scholar and for the successor perpetually. We cannot reach the conclusion, under the circumstances of this case, that the said scholarship is definitely provided for and the will in this re-spect must fail.

Judgment accordingly.

KUNKLE, JJ, concurs.

HORNBECK, J:

I concur in the judgment for the sole reason that at the death of William L. Ripley no gift passed under Item Third of his will.

As the scholarship was to be claimed "by virtue of this gift" and there was no gift, it must fail.